UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CHRIS A SANCHEZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. G-10-378 |
| | § | |
| DEPUTY DAVIDSON, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND OPINION

Chris A. Sanchez filed a prisoner civil rights complaint under 42 U.S.C. § 1983, concerning his arrest by deputies of the Galveston County Sheriff's Office.  Sanchez proceeds *pro se* and *in forma pauperis*.   Now before the Court is the defendants' motion to dismiss all claims against Defendant Sheriff Freddie Poor.  (Doc. No. 24).   Sanchez has filed three responses to the motion.  (Doc. Nos. 25, 26 & 27).  At Defendant Poor's request, Sanchez has also filed a more definite statement (in the form of an amended complaint) to identify the claims against Sheriff Poor.  After considering all of the pleadings and the applicable law, the Court grants the defendants' motion to dismiss and dismisses all claims of individual liability against Sheriff Poor for reasons set forth below.

## I.     BACKGROUND

Sanchez alleges that on the evening of April 10, 2010, he headed home "after a nite out." Sheriff deputies Davidson and Young followed him home and subjected him to an excessive use of force, kicking and punching him until he lost consciousness "for a period of time."  Sanchez alleges that the incident was the result of a "breakdown of policies, custom or usage of the Sheriff Dept. Policy," which does not permit unjust assaults.  In his amended complaint, Sanchez states that the Sheriff encourages "game play" in the "back woods areas of the county."  The

Court would note that the amended complaint is extremely poorly worded and difficult to comprehend.  Sanchez concludes his amended complaint by stating: "What-ever-may be the cause of the sheriff's intended scheme or sham or the lost of authority over his deputies are yet to be expose."

## II.    STANDARD OF REVIEW

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED.R.CIV.P. 12(b)(6).  In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2).  *Twombly* abrogated the Supreme Court's prior statement in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *See Twombly*, 550 U.S. at 562-63.  To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  Plaintiffs are not required to include "detailed factual allegations, but more than an unadorned, 'the-defendant-unlawfully-harmed-me accusation' is needed." *Id*. at 556.  When a complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

## III.    DISCUSSION

According to the pleadings, Sanchez sues Poor because, as Galveston County Sheriff, Poor is responsible for policy and the actions of his deputies.  The defendant argues that

Sanchez' claim against Sheriff Poor fails as a matter of law because Sanchez fails to allege sufficient facts showing that Sheriff Poor is liable in his supervisory capacity.

A supervisor may not be held liable for a civil rights violation under a theory of *respondeat superior* or vicarious liability. *Monell v. New York City Dep't of Soc. Servs.,* 436 U.S. 658, 691 (1978); *Evett v. DETNTFF*, 330 F.3d 681, 689 (5th Cir. 2003). Supervisory officials can only be held liable if the plaintiff demonstrates either one of the following: (1) the supervisor's personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the deprivation. *See Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987); *see also Southard v. Texas Bd. of Criminal Justice*, 114 F.3d 539, 550 (5th Cir. 1997) ("[T]he misconduct of the subordinate must be affirmatively linked to the action or inaction of the supervisor."). Supervisory liability exists without overt personal participation in an offensive act only if the supervisory official implements a policy "so deficient that the policy 'itself is a repudiation of constitutional rights' and is the moving force of the constitutional violation.'" *Thompkins*, 828 F.2d at 304 (quotations omitted).

Sanchez does not allege facts showing that Sheriff Poor had any personal involvement with his claims. Personal involvement is an essential element of a civil rights cause of action, meaning that there must be an affirmative link between the injury and the defendant's conduct. *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) (citing *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976)). In order to successfully plead a cause of action under 42 U.S.C. § 1983, which governs this case, a civil rights plaintiff must "enunciate a set of facts that illustrate the defendants' participation in the wrong alleged." *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986). Sanchez fails to meet that burden here. Under these circumstances, Sanchez cannot maintain a civil rights suit against Sheriff Poor based on a theory of supervisory liability.

Therefore, the Court concludes that Sanchez' claims of individual liability against Sheriff Poor

lack an arguable basis in law.

### VI.   CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1.      The defendant's motion to dismiss (Doc. No. 24) is **GRANTED, in part.**

2**.**      Claims of individual liability against Defendant Sheriff Freddie Poor are **DISMISSED**.

3.      Plaintiff's motion for appointment of counsel (Doc. No. 6) is **DENIED.**

4.      Plaintiff's motion for discovery (Doc. No. 10), filed before any defendant was ordered to answer, is **DENIED.**

5.      Plaintiff's motion to file an amended complaint (Doc. No 15), is moot and is **DENIED** as such.

6.      Plaintiff motion to file an amended complaint (Doc. No. 17) is moot and is **DENIED** as such.

7.      Plaintiff's amended motion for discovery (Doc. No. 18) to make available the global positioning system in the defendant's patrol car is **DENIED.**

8.      Plaintiff's motion for the court to take judicial notice that the $350 filing fee has been paid (Doc. No. 19) is **GRANTED.**

9.      Plaintiff's motion for an extension of time to file an additional answer or response (Doc. No. 29) is moot and is **DENIED.**

10.      Plaintiff's motion for miscellaneous relief and to enforce discovery (Doc. No. 31) is **DENIED.**

11.      Plaintiff's request for judgment and orders to defendants motion for dismissal (Doc. No. 33), is **DENIED.**

12.      Plaintiff's motion for production and inspection of information and material withheld from discovery, specifically global positioning records, (Doc. No. 35), is factually unsupported and is **DENIED.**

13.      Plaintiff's motion for leave to file motion to compel discovery and motion to stay (Doc. No. 37), is **DENIED.**

14.     Plaintiff's motion for leave to file a second amended complaint (Doc. No. 38), filed fourteen (14) days before defendants' motion for summary judgment is due, is untimely and is **DENIED.**

15.     Plaintiff's request for admissions (Doc. No. 39), filed seven (7) days before defendants' motion for summary judgment is due, is untimely and is **DENIED.**

SIGNED at Houston, Texas this 22nd day of April, 2011.

_____
Kenneth M. Hoyt
United States District Judge